# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DAWUD HALISI MALIK FKA DAVID WASHINGTON RIGGINS,

Plaintiff,

v.

ELDON VAIL et al.

Defendant.

CASE NO. 11-5226RJB

ORDER TO SHOW CAUSE

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The court issued a Report and Recommendation to deny in forma pauperis status because the plaintiff had not submitted all necessary forms. Plaintiff cured this defect after that report had issued and the district court has granted in forma pauperis status and referred the case back to this court.

The court has reviewed the proposed complaint (ECF No. 1) (fourteen pages of complaint and approximately 50 pages of supporting materials). The court declines to order service and orders the plaintiff to show cause why this action should not be dismissed. In the alternative, plaintiff may submit an amended complaint that cures the defects noted below.

This action centers around plaintiff being transferred from one institution to another. Plaintiff alleges certain defendants mishandled his personal property. Plaintiff alleges that he was instructed to leave his property in his cell when he was transferred (ECF No. 1, proposed complaint pages 4-5 ¶ 15 to 20). He alleges that he received a memo approximately two weeks after the transfer telling him that his property was not shipped because he did not have sufficient funds to pay for the UPS shipment. Plaintiff alleges that his brother then paid to have five boxes of materials shipped.

Plaintiff alleges that when he was called out to receive his property it had been repacked into three boxes instead of the five boxes he had packed (ECF No. 1, proposed complaint page 6 ¶ 23). He alleges that he refused to accept or sign for his television because the screen was cracked. He further alleges that his fan was also broken. Plaintiff alleges that he filed a tort claim and that his claim was eventually denied (ECF No. 1, pages 6 and 7).

In an apparently unrelated incident, plaintiff complains that his typewriter and certain legal materials were confiscated. Plaintiff alleges that the materials affected two legal cases -- one in the Ninth Circuit (cause no# 09-35467) and one in the Washington

State Supreme Court. He does not allege what damage, if any, that he suffered as a result of this alleged loss.

In order to state a claim under the civil rights act, a complaint must allege, among other things, that (l) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). A civil rights action is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff alleges violations of his First, Fifth and Fourteenth Amendment rights.

A. First and Fourteenth Amendments.

Plaintiff alleges his First and Fourteenth Amendment rights were violated when "his legal books and religious books were destroyed or lost by defendant." In the exhibits attached to his complaint, he outlines a number of legal books, religions books, and personal property that he claims are missing (ECF No. 1, proposed complaint, Exhibit 7 pages 32 to 33). "A prisoner retains those First Amendment rights that are 'not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" Hargis v. Foster, 312 F.3d 404, 409 (9th Cir. 2002) (*quoting* Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001)). "A prison regulation that impinges on an inmate's First Amendment rights is "valid if it is reasonably related to legitimate penological interests." Hargis, 312 F.3d at 409-10, (*citing* Shaw v. Murphy, 532 U.S. 223, 229 (2001) *quoting* Turner v.

Safley, 482 U.S. 78, 89 (1987)). These First Amendment rights are also protected from interference by state prison officials through the Fourteenth Amendment, See First National Bank of Boston v. Bellotti, 435 U.S. 765, 780 (1978).

Although plaintiff retains these constitutional rights while incarcerated, he must allege sufficient facts to support a claim that he has been deprived of these rights. Plaintiff has failed to do so here.

Plaintiff does not allege any regulation or policy is at issue in this case. Plaintiff does not allege that state prison officials have refused him religious items he claims he needs. Instead, he claims that these items were taken or lost during his transfer. These facts fail to state a claim for violation of his right to practice religion. Whether the items allegedly taken were for religious purposes or otherwise, the gravamen of the action is for deprivation of property, not for violation of his constitutional right to practice his faith. While a court liberally construes pro se pleadings, the court cannot supply facts that are not plead. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

He further alleges that this loss of religious books and materials prevents him from practicing specific principles of his faith, but he does not identify what specific principles of his faith he is allegedly unable to practice (ECF No. 1, page 10-11 ¶ 44-47).

Additionally, an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the First and Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. Hudson v. Palmer, 468 U.S. 517, 534 (1984). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees. Jeffries v. Reed, 631 F. Supp. 1212, 1216 (E.D. Wn. 1986). Plaintiff's property claims belongs in state court with the

1  state as the defendant. Plaintiff has taken the first step in the state's process by filing a state tort
2  claim.
3  This action does not appear to be anything more, or less, than a claim for lost or damaged
4  property, for which he has a state remedy. Plaintiff will need to provide additional facts if he
5  believes that it is anything more than that.
6  B.     Access to Court.
7  The due process clause of the United States Constitution guarantees prisoners the right of
8  meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). In Bounds, the
9  Supreme Court held that the right of access imposes an affirmative duty on prison officials to
10 assist inmates in preparing and filing legal papers, either by establishing an adequate law library
11 or by providing adequate assistance from persons trained in the law. Id. at 828. In Lewis v.
12 Casey, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual
13 injury resulting from a denial of access in order to allege a constitutional violation. Id. at 349.
14 An actual injury consists of some specific instance in which an inmate was actually denied
15 meaningful access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Although
16 plaintiff e states that the loss of materials hindered his access to court (ECF No. 1 proposed
17 complaint, page 11, ¶ 47), he does not explain how. Without further explanation, the
18 complaint fails to state a cause of action.
19 Plaintiff may be able to plead facts that will support a claim. Plaintiff should be given the
20 opportunity to amend the complaint or otherwise respond to this order. Plaintiff will have until
21 **August 19, 2011**, either to file an amended complaint that states a claim, or respond to this order
22 to show cause. If an amended complaint is filed, the court will treat it as a complete substitute
23 for the original complaint and not as a supplement. Failure to cure the defects in the original
24

filing will result in a report and recommendation that this action be dismissed with eh dismissal counting as a strike pursuant to 28 U.S.C. 1915 (e).

Dated this 13th day of July, 2011.

J. Richard Creatura
United States Magistrate Judge