UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWUD HALISI MALIK AKA DAVID WASHINGTON RIGGINS,

    Plaintiff,

v.

ELDON VAIL et al.

    Defendants.

CASE NO. 11-5226RJB
ORDER ADOPTING A REPORT AND RECOMMENDATION

This matter comes before the court on the Report and Recommendation of the Hon. J. Richard Creatura, United States Magistrate Judge (Dkt. 14) and on plaintiff's Motion for Appointment of Counsel (Dkt. 16). The court has considered the relevant documents and the remainder of the file herein.

Plaintiff's claim surrounds plaintiff's personal property loss following the transfer of plaintiff's property from one institution to another. Dkt. 11, at 4. Plaintiff alleges that his First, Fifth, and Fourteenth Amendment rights were violated as a result of the incident. *Id*, at 3. Pursuant to 28 U.S.C. § 1915A, the court issued an Order to Show Cause as to each Constitutional violation on July13, 2011. Dkt. 12.

ORDER ON REPORT AND RECOMMENDATION - 1

A. Deprivation of Property

Plaintiff alleges that prison officials negligently or intentionally lost or destroyed plaintiff's property, amounting to a violation of his Due Process rights. Dkt. 11, at 9-11. The court explained in its Order to Show Cause that plaintiff's allegation is, in fact, a state tort claim. Dkt. 12, at 4. Plaintiff's response to the order reiterated his original position but did not further explain how the loss of plaintiff's property amounted to a constitutional deprivation. *See* Dkt. 13, at 2. Based on plaintiff's failure to either amend his complaint or provide additional substantive information, Magistrate Judge Creatura recommended that plaintiff's claim be dismissed. Dkt. 14, at 2, 3. Plaintiff objected to the recommendation (Dkt. 15) and repeated his argument that the loss or destruction of his property amounts to a deprivation. Dkt. 15, at 3.

The court is satisfied that plaintiff has had ample opportunity to amend his complaint as to this allegation. As explained in the Report and Recommendation, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). Dkt. 14, at 2." Dkt. 14, at 2. Plaintiff has pursued a state law claim for this incident. Dkt. 15, at 3. Plaintiff's allegation of property lost or stolen by prison officials does not amount to a constitutional deprivation.

B. Freedom of Religion

Plaintiff alleges that prison officials infringed on plaintiff's First Amendment right to practice his religion when they lost or destroyed plaintiff's property, which included religious books. Dkt. 11, at 9-11. Concerning the alleged First Amendment violation, the court explained in its Order to Show Cause that plaintiff had failed to state a claim because 1) plaintiff did not allege that prison officials had denied him the ability to acquire the religious items he wanted;

ORDER ON REPORT AND RECOMMENDATION - 2

and 2) plaintiff did not explain how prison officials had prevented plaintiff from practicing his faith. Dkt. 12, at 4. Plaintiff's Response to Order to Show Cause repeated the conclusory allegation of his complaint, that "loss of [plaintiff's] religious books and materials without due process [sic] prevents him from learning, studying, and practicing…his religion." Dkt. 13, at 3.

Based on plaintiff's failure to either amend his complaint or provide additional substantive information, Magistrate Judge Creatura recommended that plaintiff's claim be dismissed, because "loss of property does not become a denial of religious rights just because the property in question is religious." Dkt. 14, at 4. Plaintiff objected to the recommendation (Dkt. 15) and repeated his argument that the loss or destruction of his property infringed upon his First Amendment right to practice his religion. Dkt. 15, at 7, 9.

The court is satisfied that plaintiff has had ample opportunity to amend his complaint as to this allegation. Plaintiff's factual basis for his allegation, even if construed as true, does not constitute a violation of plaintiff's freedom of religion.

C. Access to Courts

Plaintiff alleges that prison officials infringed on plaintiff's constitutional right to access courts when they lost or destroyed plaintiff's property, which included legal books. Dkt. 11, at 9-11. Concerning this allegation, the court explained in its Order to Show Cause that plaintiff had failed to state a claim. Dkt. 12, at 5. Although plaintiff had asserted that the loss of his legal materials hindered his access to the court, plaintiff had not explained how prisoner officials denied him access to the court; thus plaintiff failed to state an actual injury. *Id*. Plaintiff's Response to Order to Show Cause did not further explain the injury. *See* Dkt. 13, at 3, 6.

Magistrate Judge Creatura recommended that plaintiff's claim be dismissed as to his court access allegation, because plaintiff "does not claim he has been unable to file or pursue any

ORDER ON REPORT AND RECOMMENDATION - 3

action as a result of not having [his legal] materials."Dkt. 14, at 3. Plaintiff filed an objection to the recommendation (Dkt. 15), where he repeated his argument that because prison officials lost his legal materials, he was hindered from accessing the court. Dkt. 15, at 5.

However, per his own admission, plaintiff, like other inmates, has access to a prison library. Dkt. 15, at 5, 6. It cannot be said that plaintiff lacks access to courts.

### D. Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel to represent him in the proceedings. Dkt. 16. As previously elaborated, plaintiff's claims are without merit. Further, plaintiff is unable to articulate his claims to the court and has not shown extraordinary circumstances warranting an appointment of counsel. The motion should be denied.

Accordingly, it is hereby ORDERED that:

(1) The Court adopts the Report and Recommendation (Dkt. 14);

(2) This action is DISMISSED WITH PREJUDICE for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). This dismissal counts as a strike pursuant to 28 U.S.C. § 1915 (e)(2). In forma pauperis status is revoked for purposes of appeal.

(3) Plaintiff's Motion to Appoint Counsel (Dkt. 16) is DENIED on the basis that plaintiff's claim is without merit and plaintiff has failed to show exceptional circumstances.

DATED this 16th day of September, 2011.

ROBERT J. BRYAN
United States District Judge

ORDER ON REPORT AND RECOMMENDATION - 4